**Appeal Dismissed and Opinion Filed August 7, 2018.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-01229-CV

## BARANTAS, INCORPORATED, PATRICK J. O'BRIEN, BRIAN P. FOX, AND EGS ADMINISTRATION, LLC, Appellants
## V.
## ENTERPRISE FINANCIAL GROUP INCORPORATED, Appellee

**On Appeal from the 191st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-01503**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Fillmore, and Stoddart
Opinion by Justice Stoddart

This is an interlocutory appeal from an order denying a supplemental motion to compel arbitration. This appeal arises out of the same lawsuit that is the subject of an interlocutory appeal in cause number 05-17-00896-CV, styled *Barantas, Inc., Patrick J. O'Brien, Brian P. Fox and EGS Administration, LLC v. Enterprise Financial Group Inc.* (*Barantas I*). In *Barantas I*, we determined the trial erred by denying part of appellants' motion to compel arbitration under the terms of a 2008 written contract. We reversed that part of the order and ordered that all disputes between the parties proceed to arbitration. The supplemental motion to compel was based on an arbitration clause in an October 2015 contract between EFG and EGS. EFG, however, is not suing for breach of the October 2015 contract, and referenced the contract only as evidence in support of its application for a temporary restraining order.

In general, an appeal is moot when the court's action on the merits cannot affect the rights of the parties. *See Trulock v. City of Duncanville*, 277 S.W.3d 920, 924 (Tex. App.—Dallas 2009, no pet.). A case on appeal is moot if: (1) there is no live controversy between the parties; and (2) any decision rendered by the appellate court would be an advisory opinion. *Id.* A court cannot decide a case that has become moot during the pendency of the litigation. *Heckman v. Williamson County*, 369 S.W.3d 137, 162 (Tex. 2012). "Put simply, a case is moot when the court's action on the merits cannot affect the parties' rights or interests." *Id.* If a case becomes moot, the court must vacate any order or judgment previously issued and dismiss the case for want of jurisdiction. *Id.*

In light of our disposition in *Barantas I*, we conclude this appeal is moot because all claims between all parties will be submitted to arbitration pursuant to the 2008 contract. Accordingly, we dismiss this appeal for want of jurisdiction. *See Heckman*, 369 S.W.3d at 162.


/Craig Stoddart/
CRAIG STODDART
JUSTICE


171229F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

BARANTAS, INCORPORATED,
PATRICK J. O'BRIEN, BRIAN P. FOX,
AND EGS ADMINISTRATION, LLC,
Appellants

No. 05-17-01229-CV     V.

ENTERPRISE FINANCIAL GROUP
INCORPORATED, Appellee

On Appeal from the 191st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-17-01503.
Opinion delivered by Justice Stoddart.
Justices Lang-Miers and Fillmore
participating.

In accordance with this Court's opinion of this date, we **DISMISS** this appeal for want of jurisdiction.

It is **ORDERED** that each party bear their own costs of this appeal.

Judgment entered this 7th day of August, 2018.